# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE LeBLANC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN SOTO, ET AL.,<br><br>　　　　　Defendants. | Case No. CV 16-03398 JLS (AFM)<br><br>**ORDER SUMMARILY DISMISSING ACTION AS DUPLICATIVE** |

　　As part of the inherent authority to control its docket, the Court is summarily dismissing this action without prejudice because it is duplicative of a prior pending case, CV 16-02823 JLS (AFM).[1]  The Complaints in both cases were brought by the same plaintiff, name the same defendants, list identical claims during the same relevant period of time, and are dated and signed on November 2, 2015.

　　A federal court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for

---

[1] The Complaint in CV 16-02823 was filed on April 25, 2016 and dismissed with leave to amend on May 11, 2016 pursuant to the Court's screening order under the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915A.

litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936). In the federal court system, "the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246 (1976). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. California Dep't of Health Service*, 487 F.3d 684, 688 (9th Cir. 2007) (citations omitted). Therefore, a district court may exercise its discretion to control its docket by dismissing a duplicative, later-filed action. *Id.*; *see also Curtis v. Citibank, N.A.,* 226 F.3d 133, 138 (2d Cir. 2000) ("[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit"). "[S]imple dismissal of the second suit is another common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* at 138-39.

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute or for violation of court orders. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1961); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether such a summary dismissal is proper, a court must weigh several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* at 1260-61. Weighing those factors in the context of a duplicative case filing supports summary dismissal here.

The filing of duplicative actions negatively affects both the expeditious resolution of litigation and the Court's need to manage its docket efficiently. The public policy favoring disposition of cases on the merits is not furthered by allowing a second duplicative complaint to proceed. There is no risk of prejudice to

the parties if this duplicative case is dismissed, and dismissal without prejudice is the most efficient way to address the problem of a duplicative case. A balancing of these factors thus leads to the conclusion that dismissal without prejudice is warranted in this case. *See Ferdik*, 963 F.2d at 1263 (dismissal appropriate where supported by three factors); *Henderson v. Duncan*, 779 F.2d 1421, 1425 (9th Cir. 1986) (same).

IT THEREFORE IS ORDERED that the Complaint in this action (CV 16-03398) is dismissed as duplicative of CV 16-02823, and Judgment shall be entered dismissing this action (CV 16-03398) without prejudice.

IT IS SO ORDERED.

DATED: June 21, 2016

_____
JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

Presented by

_____
Alexander F. MacKinnon
United States Magistrate Judge